UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT J. SMITH, | No. 1:25-cv-00873 GSA (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF, SUA SPONTE, ADDITIONAL TIME TO FILE NOTICE ON HOW TO PROCEED |
| v. | |
| GAVIN NEWSOM, et al., | (ECF No. 9) |
| Defendants. | PLAINTIFF'S NOTICE ON HOW TO PROCEED DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983, and he has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the Court will, sua sponte grant Plaintiff additional time to inform the Court how he would like to proceed in this case. He will be given an additional fourteen days to do so.

I.  RELEVANT FACTS

On August 13, 2025, the Court screened Plaintiff's complaint and it found that it contained both civil rights claims under 42 U.S.C. § 1983, and habeas claims under 28 U.S.C. § 2254. ECF No. 9 at 9-11. As a result, the Court declined to consider Plaintiff's in forma pauperis application for the time being. Instead, Plaintiff was ordered to inform the Court whether he

1

wished to voluntarily dismiss this matter and file new separate civil rights and habeas cases, or stand on the pleading as filed. Id. at 11. Given the simplicity of the choice, Plaintiff was given seven days to decide and inform the Court of his decision via the notice on how to proceed form that he had been sent. Id.

Almost six weeks have passed and Plaintiff has not filed his notice on how to proceed with the Court, nor has he requested an extension of time to do so. Plaintiff has not responded to the Court's order in any way. The Court also notes for the record that the order was not returned to it marked "undeliverable. Thus, it may be presumed that Plaintiff received it. See Rosenthal v. Walker, 111 U.S. 185, 193 (1884); Nunley v. City of Los Angeles, 52 F.3d 792, 796 (9th Cir. 1995) (citing Rosenthal).

II.    DISCUSSION

Plaintiff's failure to comply with the Court's order constitutes grounds to recommend that this matter be dismissed. See Fed. R. Civ. P. 41(b); Local Rule 110. However, the Court understands that at times, prisoners have legitimate reasons for not communicating with the Court in a timely manner. Therefore, out of an abundance of caution, prior to recommending that this matter be dismissed, the Court will, sua sponte, grant Plaintiff an additional fourteen days to comply with its order issued August 13, 2025.

Accordingly, IT IS HEREBY ORDERED that:

1. On the Court's own volition, it sua sponte, GRANTS Plaintiff additional time to file his notice on how to proceed, and

2. Plaintiff's notice on how to proceed shall be filed within fourteen days from the date of this order.

**Plaintiff is cautioned that absent exigent circumstances, his failure to comply with this order in a timely manner is likely to result in a recommendation that this matter be dismissed for failure to prosecute and that his application to proceed in forma pauperis be denied as moot.**

IT IS SO ORDERED.

Dated:  **September 26, 2025**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE